IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SPEDDING,               )  | No. C 11-0040 LHK (PR) |
|                  Petitioner,   )  | ORDER OF DISMISSAL |
|   v.                           )  | |
| WARDEN RANDY GROUNDS,          )  | |
|                  Respondent.   )  | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2009 decision by the California Board of Parole Hearings ("Board") finding him unsuitable for parole. Petitioner has paid the filing fee. For the reasons stated below, the Court DISMISSES the petition for failure to state a cognizable claim for relief.

**DISCUSSION**

A.  <u>Standard of Review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

Order of Dismissal
P:\PRO-SE\SJ.LHK\HC.11\Spedding040dis.wpd

1  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

2  B.    Petitioner's Claims

3      As grounds for federal habeas relief, Petitioner alleges that the Board violated his due process rights by: (1) denying his parole without "some evidence;" (2) failing to provide a nexus between its reasons for the denial and Petitioner's current dangerousness; and (3) failing to follow the Santa Cruz County Superior Court's 2008 order directing it to consider three of Petitioner's previous statements within his psychological reports. However, the Supreme Court has recently made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution. *Swarthout v. Cooke*, No. 10-333, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam). Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial. *Id.* at *2, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). Thus, Petitioner's allegations fail to state a cognizable claim for federal habeas relief. *See id.*

### CONCLUSION

Accordingly, this case is DISMISSED for failure to state a claim. The Clerk shall close the file and enter judgment in this matter.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeal.

IT IS SO ORDERED.

DATED: 2/18/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.LHK\HC.11\Spedding040dis.wpd          2